### No. 635
### MEYER v. CINO AUTO PROD. CO.
Ohio Appeals, 1st, Dist., Hamilton Co.

No. 2656.    Decided May 23, 1925

Judges Mauck, Sayre, and Middleton, 4th Dist., sitting.

1002. RECEIVER—1. Takes property subject to any subsisting lien by execution or otherwise.

2. Void when made to embarass and not protect creditors.

483. EXECUTION—Unnecessary to issue an ailas execution after receiver has taken possession.

MAUCK, J.

Henry Meyer, as creditor of the Cino Auto Products, brought an action against that Company Aug. 29, 1924 which resulted in the appointment of a receiver August 30. The tangible assets of the Products Co. consisting of nearly all personal property, were sold by the receiver and accounts collected by him.

The Trump Brothers Rubber Co. intervened by filing an application in which it was asserted that on July 25, 1924 it had recovered a judgment in the Cincinnati Municipal Court against the Products Co. for $299.55 and on

August 22, 1924 had caused an execution to be levied on the personal property of the judgment debtor, where it remained until the receiver was appointed. The Rubber Co. sought to have its claim paid out of the proceeds of the sale in the receiver's hands, in preference to all other claims and costs. It was so ordered by the Franklin Common Pleas. The Court of Appeals held:

The receiver took the property subject to any subsisting liens by execution or otherwise. The sole question here is whether when the receiver was appointed on August 30, 1924, there was an execution lien on the property. The record discloses that an execution was issued on July 29, 1924 and some time later was returned, with the following indorsement:—

"Received this writ July 29, 1924, by virtue of this writ Aug. 22, 1924, I levied on all the property of Cino Auto Prod. Co.

The levy was made on the latter date, and when made the executing officer placed a custodian in charge of the property, and on Aug. 22 the property was subject to the execution. The return day fixed by the execution was 30 days after the day of issue, which would be August 28. No levy could have been made after the return day.

Except for the appointment of the receiver an alias execution would have issued from the Municipal Court. It was unnecessary to issue one after the receiver had taken possession.

It is apparent from the record that this whole receivership was an inequitable device to defeat the law. The interrelations of counsel, plaintiff and receiver, and the conduct of them all toward the Municipal Court and its representatives, suggest that this receivership was to embarrass and not to protect the creditors. Judgment of the lower court affirmed.

Attorneys—John W. Cowell for Meyers; Bolsinger & Benham and L. M. Levinson for Rubber Co.; all of Cincinnati.